Shauck, C. J.
The motive which prompts to the doing of a wrongful act is frequently important as indicating whether there should be a recovery of exemplary, or only of compensatory, damages; but in the present case, notwithstanding the testimony tending to show the diversion of water from the course in which it had naturally flowed to and upon the lands of Fee to another course which carried it to and upon the lands of-the plaintiff to her substantial injury, her right to recover compensation was, by the charge, made to depend upon the motive which prompted the act. It is perhaps a more precise statement of the view suggested in the pleadings and presented in the charge that the plaintiff can not recover compensation against Myers if, in his participation in the act complained of, he was acting in the capacity of road supervisor and in good faith;, nor against Fee if his participation in the diver-, sion of the water over his own lands to those of the plaintiff was in good faith and under the direction of his co-defendant acting as such supervisor: By clear implication, at least, it is conceded that- Fee would be liable in compensatory damages if he did not derive immunity from the participation and official direction of Myers. Nu~, merous cases are cited in the brief of counsel for the defendants to show that such immunity from *535 damages for injuries to others attaches to the acts of public officers if done in good faith and for commendable purposes,- although it is conceded that even as to public officers a different rule prevails in some states. Careful examination will show that the differences are in the cases rather than in the decisions. Attention to the cases cited will distinguish some of them as holding the immunity of a public officer from damages for mere non-feasance. Others as according that immunity to an officer who acts judicially, and others as holding the same rule with respect to the conduct of a ministerial officer who is acting strictly within the line of official duty and authority. In general they concede that a public officer charged with ministerial duties who exceeds them to commit a tort is liable for its consequences. Separate analysis of the cases cited does not seem necessary, for the discrimination suggested is distinctly recognized and cases of the character of this have, in authoritative and well considered decisions, been assigned to their correct position.
Prominent among these is Cubit v. O’Dett et al., 51 Mich., 347. The case there decided is not distinguished from this by any fact whatever. One of the defendants was the overseer of highways and the other was working under his direction. In the course of the opinion Cooley, J. says: “As we understand it, one of the defendants was himself the overseer; but the fact is not important. Highway authorities have no more right than private persons to cut drains, the necessary result of which will be to flood the lands of individuals. This was shown in Ashley v. City of Port Huron, 35 Mich., 296, where many authorities are re *536 ferred to. The highway overseer no doubt has a discretion in deciding how and where he will expend highway labor, but it is a discretion limited by the rights of individuals, and when he invades those rights he becomes liable. * * * This rule sometimes, when the agent has acted in good faith and without knowledge of the want of legal authority, may seem to operate oppressively, but it is a necessary and very just rule notwithstanding, and full protection of the citizen in his legal rights would be impossible without it. Absence of bad faith can never excuse a trespass, though the existence of bad faith may sometimes aggravate it. Every one must be sure of his legal right when he invades the possession of another.”
Equally pertinent quotations might be made from Tearney et al. v. Smith, 86. Ill., 391, and from McCord v. High, 24 Iowa, 336. Other cases of like purport are cited in the brief of counsel for the plaintiff. The essential proposition which they sustain is obvious'. It is that the public not having the right to inflict injury upon its citizens can confer' ño such right upon its officer, and-the officer having no immunity from legal liability for his act can reflect no immunity upon his co-defendant.
In the brief of counsel for the defendants it is said that if such is the rule in other states, it is not in Ohio. But the decisions of this court which, are cited in support of that view fail of the purpose. To the. contrary Beckwith v. Beckwith et al., 22 Ohio St., 180, though an action for trespass instead of nuisance, proceeds upon principles which are in manifest conflict with the instruction given in the present case.. . It recognizes *537 the distinction 'already adverted to, and in accordance with the current of decisions holds that a party is not without remedy for such wrongs as the plaintiff alleged and her evidénce tended to show in the present case.

Judgments reversed and cause remanded for a new trial.

Price, Crew, Spear- and Davis, JJ., concur.